Machnofsky to the Use of Margaret Conicowski, Appellant, v. Joseph Smith et al.

Argued March 8, 1933.

Before TREXLER, P. J.,
KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER
and JAMES, JJ.

*A. A. Vosburg,* of *Vosburg and Vosburg,* for appellant.

*Frank W. Coyne,* for appellee.

PER CURIAM, April 17, 1933:

This was a bill in equity to avoid a deed given by the plaintiff to his wife twenty years ago. The chancellor refused relief. The first objection is directed to the refusal of the court to reopen the case to introduce a hospital record to contradict evidence offered at the trial to discredit a witness for the plaintiff. It is very difficult for us to pass upon this question because the testimony taken in this suit is not before us. The petition does not allege that this alleged after discovered testimony could not have been presented in the trial had the plaintiff used due diligence, nor were

the facts alleged in the petition supported by any proof by depositions. The answer of the defendant alleges that the very proof which the plaintiff claims he has lately learned was in existence was present at the hearing; that plaintiff made no effort to produce or present the records in evidence. The court decided that "the proofs so tendered have not the status of after discovered evidence, and neither are they vital to the grounds upon which the chancellor's conclusions were based." There is nothing in the abbreviated record before us to lead us to disagree with the conclusion reached by the court. The only other matter submitted is that "Where an equity case is heard by a judge from another district, who enters a decree nisi but retires from office before hearing argument upon exceptions, should such exceptions be disposed of without formal argument before the court en banc?" There was a petition presented alleging that no formal argument upon the exceptions to the decree nisi had been had, and this was answered by the statement, "that the case was regularly on the argument list and was called by the court for argument whereupon the matter of exceptions was submitted by counsel for plaintiff and defendant on argument." This answer being responsive and no depositions appearing to have been taken in proof of the assertion made by the plaintiff, necessarily we cannot pay any attention to it. We might add the final action of the court below was, so far as the record disclosed, by the court en banc.

The final decree dismissing the exceptions to the decree nisi is affirmed as well as the order of the court refusing to reopen the case. The appellant to pay the costs.